UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/19

-----

CHINWE ATUEGWU,

                                    Plaintiff,

                -v-

UNITED STATES OF AMERICA,

                                    Defendant.

18 Civ. 1518 (PAE) (SN)

OPINION & ORDER

-----

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Chinwe Atuegwu brings this action under 26 U.S.C. § 7422. She seeks to recover a tax refund and nearly $3 million in damages for the 2013 tax year. Dkt. 1. Atuegwu has repeatedly failed to attend a deposition at the U.S. Attorney's Office in Manhattan, despite several court orders directing her to do so. On the basis of Atuegwu's refusal to comply with these court orders, the Government has filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the following reasons, the Court grants that motion.

I.      **Procedural History**

    A.      **Failure to Comply with Prior Court Orders**

        The Court set out the history of this litigation in detail in its March 29, 2019 Order setting a briefing schedule for the Government's motion to dismiss. *See* Dkt. 65. The Court therefore reviews here only the history necessary to give context to the present motion.

        On May 11, 2018, the Court referred this case to Magistrate Judge Sarah Netburn for general pretrial supervision. Dkt. 9. On December 7, 2018, the Government filed a letter informing Judge Netburn of a discovery dispute regarding whether Atuegwu may refuse to

attend a deposition at the U.S. Attorney's Office. Dkt. 33. On December 10, 2018, Judge

Netburn scheduled a telephone conference to discuss the issue with both parties. Dkt. 35.

Atuegwu, however, failed to appear.

On December 14, 2018, given Atuegwu's absence at the telephone conference, Judge

Netburn ordered Atuegwu either to attend a deposition that the Government had noticed for

December 21, 2018 or to show cause for why this case should not be dismissed for failure to

prosecute. Dkt. 36. On December 20, 2018, Atuegwu filed a one-page letter expressing her

concerns about "being in [the Assistant U.S. Attorney's] office alone with him" because "it is too

private." Dkt. 37. On December 20, 2018, Judge Netburn issued an order (1) finding that

Atuegwu had not shown good cause to be excused from attending her deposition at the U.S.

Attorney's Office and (2) directing the parties to find a date for such a deposition to occur in a

conference room at the U.S. Attorney's Office no later than January 14, 2019. Dkt. 38.

On February 7, 2019, following a stay of the case due to the suspension of Department of

Justice funding, Judge Netburn issued an order lifting the stay in this case and extending the

discovery deadline to February 18, 2019. Dkt. 44. On the same day, the Government filed a

letter requesting yet another conference to discuss Atuegwu's refusal to appear for a deposition.

Dkt. 42. Judge Netburn then ordered Atuegwu to appear for a deposition no later than February

25, 2019, unless she presented "proof that a medical condition prevent[ed] her from testifying."

Dkt. 45.

On February 14, 2019, Atuegwu informed the Court that she could not attend the

deposition for medical reasons including that she was experiencing "pains in [her] wrist."

Dkt. 46 at 1. Atuegwu requested that, in light of her condition, the Court permit her to be

deposed by written questions pursuant to Federal Rule of Civil Procedure 31(a)(1). Dkt. 46. On

February 19, 2019, Judge Netburn issued another order directing Atuegwu to sit for a deposition by February 25, 2019 and informing her that failure to do so could result in dismissal of her case for failure to prosecute. Dkt. 47. On February 19, 2019, Atuegwu filed a motion for reconsideration. Dkt. 48. On February 21, 2019, Judge Netburn denied that motion. Dkt. 49.

On February 26, 2019, the Government filed a letter (1) informing Judge Netburn that plaintiff had failed again to attend her court-ordered deposition and (2) requesting leave to file a motion to dismiss. Dkt. 50. Since February 26, 2019, Atuegwu has filed no fewer than seven letters in which she, *inter alia*, seeks leave to file an interlocutory appeal of Judge Netburn's orders requiring her to attend her deposition and notifies the Court of Atuegwu's intention to file a motion for summary judgment. *See* Dkts. 52–53, 55–58.

On March 14, 2019, the Government filed a letter in opposition to Atuegwu's motion for leave to file an interlocutory appeal. Dkt. 59. The same day, the Government also filed a letter responding to Atuegwu's pre-motion letter and her letters attempting to show cause for her refusal to attend a deposition at the U.S. Attorney's Office. Dkt. 60.

B.     **The Instant Motion**

On March 29, 2019, the Court set a briefing schedule for the Government's motion to dismiss. Dkt. 64. On April 12, 2019, the Government filed that motion, Dkt. 65; a supporting memorandum of law, Dkt. 66 ("Def. Mem."); and a supporting declaration of Charles S. Jacob, Dkt. 67. On the same day, the Government filed a certificate of service informing the Court that Atuegwu had been served by U.S. certified mail and by email. Dkt. 68. Atuegwu's opposition was due April 26, 2019. To date, she has yet to make any such filing.

## II.    Discussion

### A.    Legal Standards

Rule 41(b) permits a district court to dismiss an action for failure to prosecute.  Although the language of Rule 41(b) is permissive and merely authorizes a motion by defendants, a court may dismiss a case pursuant to Rule 41(b) *sua sponte*.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  The Second Circuit has made clear that dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).  "Nonetheless, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell*, 682 F.2d at 42.  When considering whether to impose such a remedy, courts must consider the following five, non-dispositive factors: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  In weighing the fifth factor, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

### B.    Analysis

Applying the five factors set out in *Drake*, the Court finds that Atuegwu's repeated refusal to comply with Judge Netburn's clear and unambiguous orders to attend her deposition warrants

4

dismissal of this case for failure to prosecute. The Government argues that each factor supports dismissal. Def. Mem. at 6–9. For the following reasons, the Court agrees and dismisses this case.

First, Atuegwu's refusal to attend this deposition has significantly delayed this lawsuit. She was originally scheduled to sit for this deposition on December 7, 2018, but, as of April 12, 2019, more than four months later, when the Government filed the instant motion, she had yet to do so. The Second Circuit has explained that even "a delay of a 'matter of months' can potentially warrant dismissal." *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672–73 (2d Cir. 2012) (citing *Lyell*, 682 F.2d at 43). Here, as in *Yadav*, plaintiff's "dilatory conduct" has exceeded three months. The Court therefore finds that the first factor weighs in favor of dismissal.

Second, Atuegwu was amply on notice that she was required to sit for this deposition. On three separate occasions, Judge Netburn warned Atuegwu that her unwillingness to sit for a deposition at the U.S. Attorney's Office "may result in dismissal" of her case for failure to prosecute, and that such dismissal may be with prejudice to her claims. Dkts. 36, 45, 47. Furthermore, Judge Netburn has ordered Atuegwu to appear for her deposition on four separate occasions. *See* Dkts. 38, 45, 47, 49. Not once has Atuegwu shown good cause for refusing to attend a deposition. The second factor thus also supports dismissal.

The final three factors, too, favor dismissal. Atuegwu's deposition is singularly crucial in determining the factual basis, if any, for the allegations in her Complaint. Her refusal to be deposed impairs the Government in assessing and preparing any motion for summary judgment and the Court in evaluating any such motion. *See Moton v. Williams*, No. 15 Civ. 6485 (GBD) (JLC), 2018 WL 2229126, at *4 (S.D.N.Y. May 16, 2018), *report and recommendation adopted,*

2018 WL 3384433 (S.D.N.Y. July 11, 2018) (holding that plaintiff's failure to sit for a deposition prejudiced defendant). For example, as the Government notes, to prepare an adequate defense the Government must obtain Atuegwu's testimony as to her alleged educational expenses, among other data relevant to tabulating the tax refund to which she claims she is entitled. Def. Mem. at 7. Atuegwu's continued and inadequately explained refusal to sit for a deposition has prevented her claims from going forward and has denied the Government vital evidence relevant to its defense. Moreover, the Court can fashion no lesser remedy to cure the prejudice that Atuegwu's refusal to sit for a deposition imposes on the Government. On the contrary, both Judge Netburn and this Court, reflecting solicitude for this *pro se* plaintiff, have repeatedly given Atuegwu the opportunity to sit for a deposition long after it was originally noticed, notwithstanding the lack of justification for Atuegwu's prior failures to appear.

Accordingly, the Court dismisses this action for failure to prosecute.

## CONCLUSION

For the foregoing reasons, the Court dismisses this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court respectfully directs the Clerk of Court to terminate the motion pending at Dkt. 65.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 8, 2019
         New York, New York

6