UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHINWE ATUEGWU,

       Plaintiff,      18 Civ. 1518 (PAE) (SN)

    -v-

UNITED STATES OF AMERICA      OPINION AND ORDER

       Defendant.

PAUL A. ENGELMAYER, District Judge:

  In an opinion and order issued May 8, 2019, the Court dismissed *pro se* plaintiff Chinwe Atuegwu's claims. *See* Dkt. 69 ("Dismissal Decision"). Ms. Atuegwu had brought an action under 26 U.S.C. § 7422 to recover a tax refund and nearly $3 million in damages for the 2013 tax year. Dkt. 1. Thereafter, however, Ms. Atuegwu repeatedly failed to attend a deposition at the U.S. Attorney's Office in Manhattan, in violation of court orders directing her to do so. Dismissal Decision. The Government accordingly sought leave to move to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 50. After receiving such leave, the Government filed such a motion on April 12, 2019, Dkt. 65–68, which Ms. Atuegwu did not oppose, and which this Court, in its Dismissal Decision, granted. *See* Dismissal Decision.

  On September 4, 2019, Ms. Atuegwu informed the Court that, beginning April 7, 2019, she had been detained at Essex County Jail and Union County Jail. Dkt. 74. Consistent with this explanation, on September 10, 2019, counsel for the Government received, via U.S. mail, the copies of the motion to dismiss papers it had previously served on Ms. Atuegwu, marked as "return to sender." *See* Dkt. 75. The following day, the Government served Ms. Atuegwu with those papers at her new address. *See id.* In response, Ms. Atuegwu explained that, due to her

incarceration, it was not until September 11, 2019, that she had received the Court's order granting the Government leave to file the motion, and it was not until September 16, 2019, that she had received the Government's motion to dismiss, and for those reasons had not responded to the Government's April 12 motion to dismiss. *See* Dkt. 77 ("Pl. Mtn.").

In light of Ms. Atuegwu's demonstrated lack of notice of the Government's motion to dismiss, on September 12, 2019, this Court granted her an opportunity to seek relief from the Dismissal Decision. *See* Dkt. 79. On September 30, 2020, Ms. Atuegwu filed a motion to reconsider and vacate the order. Pl. Mtn.

In support, Ms. Atuegwu first argues that her claims should not be dismissed for failure to prosecute because the Government did not suffer any prejudice from her repeated refusals to appear for a deposition by oral examination. That is because, she argues, the Government could alternatively have deposed her by written questions under Federal Rule of Civil Procedure 31(a)(1). *Id.* Second, Ms. Atuegwu claims that the lack of a deposition did not prejudice the Government, because its goal in pursuing those depositions was to determine how she had calculated her educational tax credits, but she had already explained to a different Government counsel how she had arrived at those calculations. *Id.* Third, Ms. Atuegwu challenges the finding of the Hon. Sarah Netburn, United States Magistrate Judge, to whom this case was referred for general pretrial supervision, that Ms. Atuegwu's proffered medical concerns did not excuse her from attending her deposition. *Id.*

The Government has responded, stating that Ms. Atuegwu's new motion articulates no basis for reopening this case. Dkt. 81.

The Court assumes familiarity with the facts and procedural history of this case, as described in the Court's Dismissal Decision, and describes only those facts necessary for the resolution of this motion.

## I. Applicable Legal Standards

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Civil Rule 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believe the court has overlooked"). A motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

## II. Discussion

This Court finds reconsideration appropriate here because, due to her incarceration, Ms. Atuegwu did not timely receive the Government's motion to dismiss and thus was not previously able to be heard in response to the Government's motion. Nevertheless, Ms. Atuegwu has failed to demonstrate any error in the Court's analysis in the Dismissal Decision, any controlling case law that the Court overlooked, or any other reason that the Court should vacate its order dismissing the case. *See* Dismissal Decision.

3

First, although Ms. Atuegwu argues that the Government did not suffer prejudice from her refusal to appear because it could instead have deposed her by written questions under Rule 31(a)(1), she has failed to identify any authority that gave her the right to dictate the manner in which the Government deposed her.  *See* Pl. Mtn.  As this Court has explained, Rule 30(a)(1) permitted the Government, the defendant in this case, to take the oral deposition of the opposing party without leave from the Court.  Dkt. 64.  The Government had the right to elect to pursue that means of pretrial discovery.  And Judge Netburn, on multiple occasions, ordered Ms. Atuegwu to appear for an oral deposition.  *See* Dkts. 38, 45, 47, 49.  Further, as this Court recognized in granting the Government's motion to dismiss for failure to prosecute, given the nature of her Complaint, "Atuegwu's deposition is singularly crucial in determining the factual basis, if any, for the allegations in her Complaint."  Dismissal Decision.  Atuegwu's premise—that she had the right to direct the Government to take her deposition through written questions under Rule 31(a)(1), *see* Pl. Mtn.—is simply wrong.  The Government had the right under Rule 30(a)(1) to conduct an oral deposition of Ms. Atuegwu, and Ms. Atuegwu's contrary view did not give her the right to violate Judge Netburn's repeated orders to sit for such a deposition.

Ms. Atuegwu's notion that the Government forfeited its right under Rule 30(a)(1) to insist upon an oral deposition because she had earlier communicated informally with an Internal Revenue Service attorney, *see id.*, is also baseless.  Ms. Atuegwu argues that because that attorney had thereby informally learned of the method by which Ms. Atuegwu had calculated her educational tax credits, her deposition testimony was not necessary.  *See id.*  But there is no charter in the Federal Rules for Ms. Atuegwu's claim of forfeiture.  On the contrary, as the Government points out, pretrial motions, and trial, require counsel to obtain admissible evidence in discovery, such as the opposing party's sworn statements in a deposition.  *See* Dkt. 81; *see*

*also* Fed. R. Civ. P. 56(c)(2) ("[A] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). And litigation counsel commonly conduct pretrial factual investigations by informal communications before formally questioning witnesses. The two are not, under the Federal Rules, mutually exclusive.

Finally, Ms. Atuegwu challenges Judge Netburn's determination that her asserted medical concerns did not excuse her from attending a deposition. *See* Pl. Mtn. That argument also fails. On February 7, 2019, Judge Netburn ordered Ms. Atuegwu to appear for a deposition before February 25, 2019, unless she demonstrated that a genuine medical issue prevented her from attending the deposition. Dkt. 45. On February 14, 2019, Ms. Atuegwu informed the Court that she could not attend the deposition for medical reasons, as she was experiencing "pains in [her] wrist." Dkt. 46 at 1. Judge Netburn, however, found that Ms. Atuegwu's medical claim—wrist pain that made it difficult to carry a bag and for which Ms. Atuegwu had been prescribed Tylenol—did not supply good cause to adjourn the deposition, particularly given Ms. Atuegwu's by-then established history of refusing to appear for her deposition. Dkt. 47. Judge Netburn did not err in this finding. On this occasion—as on the other three prior occasions when Judge Netburn had ordered Ms. Atuegwu to appear for her deposition—there was no good cause for Ms. Atuegwu's refusal to attend the deposition. *See* Dkts. 38, 45, 47, 49.

Accordingly, the Court denies Ms. Atuegwu's motion to vacate the Dismissal Decision. That decision stands and this case remains closed. The Clerk of Court is respectfully directed to mail this order to plaintiff at the addresses on file.

SO ORDERED.

*[signature: Paul A. Engelmayer]*

Paul A. Engelmayer
United States District Judge

Dated: September 28, 2020
      New York, New York